**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Prestige Administration Inc., | ) | No. CV-12-0039-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Crescent Manufacturing Company, LLC, et al., | ) | |
| Defendants. | ) | |

The court has before it defendant Mepco Finance Corporation's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (doc. 33), plaintiff Prestige Administration, Inc.'s response (doc. 44), and Mepco's reply (doc. 52).

Plaintiff is the manufacturer and distributor of a coolant additive product under the "Autolife" trademark. This is plaintiff's second attempt at filing a trademark infringement action against Mepco. In the first lawsuit, plaintiff asserted claims against all defendants, including Mepco, for unfair competition, trademark dilution, and cyberpiracy under the Lanham Act, as well as state law claims for trademark infringement, fraudulent misrepresentation, injury to business reputation, and tortious interference with contract. See Prestige Admin. Inc. v. U.S. Fidelis Inc., No. CV-09-1804-PHX-DGC (D. Ariz. Dec. 9, 2009) (doc. 8) ("Prestige I"). On March 26, 2010, this court dismissed all claims against Mepco for failure to state a claim and granted plaintiff leave to amend. Id. at (doc. 87).

1  Plaintiff chose not to amend. Seven months later, the action was dismissed against all
2  remaining defendants as moot. Id. at (doc. 100). On January 5, 2012, plaintiff filed this new
3  action, asserting the same claims based on the same operative facts, with the addition of two
4  new claims against Mepco—contributory trademark infringement and vicarious trademark
5  infringement. Mepco now argues that the claims asserted in the new complaint are barred
6  by res judicata. We agree.

7  The doctrine of res judicata provides that a final judgment on the merits bars further
8  claims by parties based on the same cause of action. Res judicata applies where there is (1)
9  an identity of claims, (2) a final judgment on the merits, and (3) identity of or privity between
10 the parties. Poblete Mendoza v. Holder, 606 F.3d 1137, 1140 (9th Cir. 2010). Res judicata
11 bars all claim that were raised or could have been raised in the previous action. Providence
12 Health Plan v. McDowell, 385 F.3d 1168, 1173-74 (9th Cir. 2004).

13 Eight of the ten counts asserted against Mepco in the instant action are identical to
14 those asserted in Prestige I. Because these claims were already adjudicated in favor of
15 Mepco, they are barred by res judicata. We reject plaintiff's argument that the dismissal of
16 claims against Mepco in Prestige I was based on grounds of mootness, and therefore it was
17 not an adjudication on the merits. Response at 3. The dismissal of claims asserted against
18 Mepco in Prestige I was expressly based upon its failure to state a claim under Fed. R. Civ.
19 P. 12(b)(6).

20 Although plaintiff has added two additional claims in the new complaint for
21 contributory trademark infringement and vicarious trademark infringement, these claims arise
22 from the "same transactional nucleus of facts" that formed the basis of the infringement
23 claims in Prestige I. See Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir.
24 2005). In fact, plaintiff asserted the secondary infringement theories of liability in its
25 opposition to Mepco's motion to dismiss in the first action. See Prestige I at (doc. 36 at 2)
26 ("While Plaintiff does not think Mepco is a direct infringer, *it is an indirect infringer . . . .*
27 [I]t [may] be held liable for *vicarious liability* in trademark cases.") (emphasis added).
28 Plaintiff was given 10 days to amend its complaint in the original action, but it chose not to

do so.  Plaintiff's right to amend "ended upon the . . . entry of final judgment following dismissal of its action." <u>Rick-Mik Enters., Inc. v. Equilon Enters., LLC</u>, 532 F.3d 963, 977 (9th Cir. 2008).  Therefore, each of the claims now asserted in the present complaint were either raised or could have been raised in the previous action and are now barred by res judicata.

**IT IS ORDERED GRANTING** Mepco's motion to dismiss (doc. 33).

DATED this 8th day of May, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge