**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prestige Administration, Inc., | No. CV-12-0039-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Crescent Manufacturing Co., LLC; Tier One Warranty LLC; Choice Manufacturing Co. Inc., | |
| Defendants. | |

**I**

Plaintiff Prestige Administration is the manufacturer and distributor of a coolant additive product under the "Autolife" trademark. It is alleged that US Fidelis marketed and sold vehicle service contracts ("VSCs")[1] and engine additive products with associated warranties ("EAWs") carrying the infringing Autolife trademark to automobile owners. While US Fidelis is alleged to have sold the infringing products, the administration of claims under the warranties was performed by administrators such as Crescent Manufacturing Company, LLC ("Crescent") and Choice Manufacturing Company, Inc. ("Choice"). Prestige filed this action asserting claims against Crescent and Choice for vicarious liability for US

---

[1] A VSC is a contract where covered costs of repairing a vehicle under warranty are paid by a third party.

1 Fidelis' trademark infringement under the Lanham Act, 15 U.S.C. § 1117(a), and state law
2 claims of trademark infringement, fraudulent misrepresentation, injury to business
3 representation, tortious interference with contract, and fraud.

Crescent was served on February 9, 2012 (doc. 30), and Choice was served on February 16, 2012 (doc. 45). Neither party responded to the complaint and the clerk entered default against both entities (docs. 36, 51). We now have before us Prestige's motion for entry of default judgment against Crescent in the amount of $84,314,283.92 and against Choice in the amount of $22,015,112.00 (doc. 59).

**II**

Plaintiff's motion for default judgment is supported only by a declaration by Robert Konzen, Vice President of Prestige. Konzen bases his estimate of damages on the gross sales of VSCs and EAWs sold by US Fidelis and administered by Crescent and Choice. Konzen avers that Crescent was the Administrator for approximately 37,812 VSCs/EAWs, Decl. ¶ 21, with gross sales of $84,314.283.92. Choice administered a total of 9,873 EAWs sold by US Fidelis, with gross sales of $22,015,112.00. Decl. ¶ 22.

We will consider the following factors in ruling on a motion for default judgment under Rule 55(b)(2), Fed. R. Civ. P.: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors do not support Prestige's motion for default judgment in an amount exceeding $100,000,000.00.

**III**

Under the Lanham Act, 15 U.S.C. § 1117(a), a plaintiff is entitled to recover, subject to principles of equity, (1) defendant's profit; (2) any damages sustained by plaintiff, and (3) the cost of the action. The plaintiff is only required to prove defendant's sales. The "defendant must prove all elements of cost or deduction claimed." Id. Prestige contends that

- 2 -

1  it is entitled to recover the gross sales of all the VSCs and EAWs administered by Crescent
2  and Choice because they have failed to appear or defend, or offer evidence of deductions.

3  US Fidelis was the main player in this story, but it is not a defendant in this case.
4  Instead, it is the subject of a confirmed liquidation plan in a bankruptcy proceeding in the
5  United States Bankruptcy Court for the Western District of Missouri, 10-41902-705. Mepco
6  was also a significant defendant until we granted its motion to dismiss on the basis of res
7  judicata (doc. 54). Prestige has already asserted similar, if not identical, claims against US
8  Fidelis, Crescent Manufacturing[2], Mepco, and others in this court in 2009. See Prestige
9  Admin. v. US Fidelis, Inc., 09-CV-1804-PHX-DGC (D. Ariz. Aug. 28, 2009) ("Prestige I").
10  It was during these proceedings that US Fidelis filed for bankruptcy.

11  Also during these proceedings, Prestige informed the district court that it had entered
12  into a voluntary order, affirmed by the bankruptcy court, that permanently enjoined Prestige
13  from litigating against US Fidelis or Crescent Manufacturing. See Prestige I, doc.98
14  (Prestige's Status Report). Accordingly, Judge Campbell dismissed the claims against
15  Crescent as moot. Id. doc. 100. Not only is that agreement and resulting judgment res
16  judicata as to the claims presented against Crescent here, but this action appears to be a
17  violation of the permanent injunction. Prestige's motion for default judgment against
18  Crescent is denied.

19  Finally, we conclude that the allegations in the complaint are insufficient to support
20  Prestige's motion for entry of default judgment against Choice. The vast majority of the
21  allegations contained in the 52-page complaint are asserted against US Fidelis and Mepco
22  and have nothing to do with Choice. Choice is specifically listed as a defendant in Count 3
23  only. The general references to "defendants" in other counts of the complaint are too broad
24  to state a plausible claim against Choice. And although specific allegations are asserted
25  against Choice in Count 3, the relief requested has no application to Choice. See Compl. ¶
26  120 (requesting "the imposition of a constructive trust on any reserve accounts, as well as an

---

28  [2]US Fidelis and Crescent are alleged to have common ownership.

- 3 -

order requiring Defendant Mepco to return wrongfully converted funds from such accounts"). For purposes of the present motion, we conclude that the complaint fails to allege sufficient allegations to state a plausible claim against Choice, a claims administrator and not the seller of the infringing VSCs and EAWs, that would support a default judgment in excess of $22 million. The sufficiency of the complaint, the merits of the substantive claims, and the exorbitant judgment sought all weigh against entering default judgment against Choice.

## IV

**IT IS ORDERED DENYING** Prestige's motion for default judgment (doc. 59).

DATED this 21st day of May, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge